Territorial Law Library



FILED
SUPERIOR COURT
OF GUAM

JAN -2 PM 4: 05

CLERK OF COURT

BY _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | ) **CRIMINAL CASE NO. CF0343-07** |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **FINDINGS OF FACT AND** |
| | ) **CONCLUSIONS OF LAW** |
| | ) **(Restitution)** |
| **DAVID JUNIOR TOVES ROSARIO and** | ) |
| **JESSE J. TOVES,** | ) |
| | ) |
| **Defendant.** | ) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on October 28, 2008, for a hearing on People of Guam's ("the People") Restitution Report. Assitant Attorney General Sue Horrigan appeared on behalf of the People. David Junior Toves Rosario ("Rosario") was represented by attorney Clyde Lemmons of Alternate Public Defender. Jesse J. Toves ("Toves") was represented by attorney John Morrison of Public Defender Corporation. Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Findings of Fact and Conclusion of Law.

### FINDINGS OF FACT

The Court finds the following by a preponderance of the evidence:

1.    On June 3, 2006, Corina Blas reported a theft of property of 300 bronze vases were stolen from Guam Memorial Park ("GMP") between May 30, 2006 – June 3, 2006. Restitution Report at 5 (August 7, 2008).

People of Guam v. David Rosario and Jesse Toves, CF0343-07
Page 1 of 5
Findings of Fact and Conclusions of Law – Restitution

2.      On July 6, 2006, Corina Blas reported that an additional 192 vases were stolen from GMP subsequent to the June 26, 2006 police report was filed. Id. at 4.

3.      On July 12, 2006, Pacific Security Alarm prepared an invoice for the installation of an alarm system at GMP. The total cost of the alarm system and installation was $9,139.00. Id. at 10.

4.      GMP paid for physical security services from Denache Security Agency. Id. at 11. The physical security services span from June 30, 2008 through April 21, 2008. Id. The total amount of security services claimed for restitution is $28,512.00. Id.

5.      On February 20, 2007, Corina Blas reported that 568 bronze vases were stolen between February 17, 2007 – February 20, 2007. Id. at 8.

6.      Leonard Mayer ("Mayer") testified that Matthews International – the company GMP ordered the bronze vases – had a two for one policy. The policy entailed that for every two vases stolen Matthews International would replace first vases at regular cost and the second vase would be at no charge. Restitution Hearing at 11:15 a.m. (October 28, 2008);

7.      A May 22, 2007 invoice prepared by Matthews International for 568 bronze vases in the amount of $36,666.93. Restitution Report at 6 (August 7, 2008). Mayer testified that the 568 bronze vases order from Matthews International were to replace the stolen bronze vases. Restitution Hearing at 11:11 a.m.

8.      A November 17, 2006 invoice prepared by Matthews International for 492 bronze vases in the amount $29,027.36. Restitution Report at 3 (August 7, 2008). Mayer testified that the 568 bronze vases order from Matthews International were to replace the stolen bronze vases. Restitution Hearing at 11:11 a.m.

9.      On March 18, 2008, Rosario entered into a plea agreement with the People. In the Plea agreement, Rosario pled guilty to Theft of Property (As a 3rd Degree Felony), as a lesser-included offense of theft of Property (As a 2nd Degree Felony). Plea Agreement at ¶ 4a (March 18, 2008). Pursuant to the plea agreement, Rosario agreed to pay restitution. Id. at ¶ 8.

People of Guam v. David Rosario and Jesse Toves, CF0343-07
Page 2 of 5
Findings of Fact and Conclusions of Law – Restitution

10.    On May 19, 2008, Toves entered into a plea agreement with the People. In the plea agreement, Toves pled guilty to Theft of Property (As a 3rd Degree Felony), as a lesser-included offense of Theft of Property (As a 2nd Degree Felony). Plea Agreement at ¶ 5a (May 19, 2008). Pursuant to the plea agreement, Toves agreed to pay restitution. Id. at ¶ 8.

## DISCUSSION

The People argued that Rosario and Toves are jointly and severally liable to pay restitution pursuant to 9 G.C.A. § 80.50(e). Judgment at ¶ E (June 18, 2008); Judgment at ¶ D (June 20, 2008). 9 G.C.A. § 80.50(e) reads as follows:

> A person who has been convicted of an offense may be sentenced to pay a fine or to make restitution not exceeding . . . [a]ny higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim . . . [t]he restitution ordered paid to the victim shall not exceed his loss.

The Court finds that Rosario and Toves are jointly and severally liable to pay restitution to GMP.

## I.    Replacement of Bronze Flower Vases

The People argued that GMP is entitled to the cost of replacing 1060 bronze vases that Rosario and Toves stole. Restitution Hearing at 11:32 a.m. (October 28, 2008); See Restitution Report. The Court agrees. On May 22, 2008, Matthews International sent a total of 568 bronze vases to GMP. Restitution Report at 7 (August 7, 2008). GMP paid $36,666.93 for the 568 bronze vases.[1] Id. The 568 bronze vases were ordered to replace bronze vases that were taken

---

[1] The May 22, 2007 Matthews International invoice did not indicate the two for one policy testified to by Mayer in Finding No. 6.

People of Guam v. David Rosario and Jesse Toves, CF0343-07
Page 3 of 5
Findings of Fact and Conclusions of Law – Restitution

from GMP. Restitution Hearing at 11:11 a.m. Pursuant to 9 G.C.A. § 80.50, the Court finds that Rosario and Toves must pay $36,666.93 for the replacement of the 568 bronze vases.

On November 17, 2007, Matthews International sent a total of 492 Bronze vases to GMP. Id. at 3. GMP paid $29,027.36 for the bronze vases.[2] Id. The 492 bronze vases were ordered to replace bronze vases that were taken from GMP. Restitution Hearing at 11:11 a.m. Pursuant to 9 G.C.A. § 80.50, the Court finds that Rosario and Toves must pay $29,027.36 for the replacement of 492 bronze vases. Therefore, the Court finds that Rosario and Toves must may a total of $65,694.29 for the replacement of 1060 bronze vases.

**II.    Physical Security Services**

The People argued that GMP is entitled to the cost of obtaining physical security services from June 30, 2006 through April 21, 2008. Restitution Hearing at 11:32 a.m. (October 28, 2008); See Restitution Report. Toves argued that obtaining physical security services was not a loss to GMP. Defendant's Opposition to Restitution Report at 4 (September 18, 2008). The Court agrees. The People have not proven that neither Rosario nor Toves derived any benefit from GMP obtaining physical security services as required by 9 G.C.A. § 80.50. GMP obtained physical security services to prevent future thefts. The Court finds that Rosario and Toves are not liable for the cost of obtaining physical security services.

**III. Alarm System.**

The People argued that GMP is entitled to the cost of the purchase and installation of an alarm system. Restitution Hearing at 11:32 a.m. (October 28, 2008); See Restitution Report. Toves argued that purchasing an alarm system was not a loss to GMP. Defendant's Opposition to

---

[2]  The November 17, 2007 Matthews International invoice did not indicate the two for one policy testified to by Mayer in Finding No. 6.

People of Guam v. David Rosario and Jesse Toves, CF0343-07
Page 4 of 5
Findings of Fact and Conclusions of Law – Restitution

<u>Restitution Report</u> at 4 (September 18, 2008). The Court agrees. The People have not proven that neither Rosario nor Toves derived any benefit from GMP purchasing an alarm system as required by 9 G.C.A. § 80.50. GMP purchased an alarm system to prevent future thefts. The Court finds that Rosario and Toves are not liable for the cost of purchasing alarm system.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court GRANTS Restitution to the Guam Memorial Park, Inc. in the amount of $65,694.29.

**SO ORDERED** this ___2___ day of ___Jan___, 2009.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam



People of Guam v. David Rosario and Jesse Toves, CF0343-07
Page 5 of 5
Findings of Fact and Conclusions of Law – Restitution